THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR11-0180-JCC |
| Plaintiff, | ORDER |
| v. | |
| MARK STUDENY (Formerly MARK STUDENNY), | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to terminate sex offender registration requirement. (Dkt. No. 21.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On August 22, 2006, Defendant Mark Studeny pled guilty to possession of child pornography in the Western District of Texas. (Dkt. No. 3 at 5.) Defendant was sentenced to 20 months of imprisonment and 30 years of supervised release. (*Id.* at 14–15.) As a condition of his supervised release, Defendant was directed to register as required under the Sex Offender Registration and Notification Act (SORNA). (*Id.* at 17) (citing 43 U.S.C. §§ 20911–15). On May 10, 2011, the Western District of Texas transferred jurisdiction of Defendant's supervised release

to this Court. (*Id.*) On January 22, 2015, the Court ordered the early termination of Defendant's supervised release. (*Id.* at 8.)

Under SORNA, Defendant is classified as a Tier I sex offender and has a duty to register in the state in which he resides for a period of 15 years. *See* 34 U.S.C. § 20915(a). Defendant has continued to register as a sex offender since the termination of his supervised release. (Dkt. No. 21 at 5.) If Defendant fails to register, he may be prosecuted under 18 U.S.C. § 2250 or by state criminal penalty, which SORNA directs states to provide. 34 U.S.C. § 20913(e).

## II. DISCUSSION

Defendant asks the Court to issue an order terminating his requirement to register as a sex offender under SORNA. (Dkt. No. 21 at 1.) Defendant asserts that because he has maintained a clean record for 10 years, he is entitled to be relieved from the requirement to register as a sex offender under SORNA. (Dkt. No. 21 at 4) (citing 34 U.S.C. § 20915(b)). The Government responds that the Court is without jurisdiction to issue such a ruling. (Dkt. No. 23.)

The Court does not address whether Defendant is still required to register as a sex offender under SORNA because it lacks statutory jurisdiction to grant the relief Defendant seeks. Defendant argues that Article III of the Constitution provides the Court with jurisdiction over disputes arising under SORNA for two reasons: first, because SORNA is a federal statute that imposes an independent duty to register as a sex offender, and second, because SORNA is only implicated when a defendant is convicted of a federal sex offense.[1] (Dkt. No. 24 at 2.)

Defendant argues that Article III of the Constitution alone provides the Court with jurisdiction and fails to allege any separate statutory grant of jurisdiction. (Dkt. No. 24 at 2–3.)

---

[1] Defendant's second argument is meritless. The duty to register as a sex offender under SORNA does not necessarily arise from a defendant's conviction under a *federal* sex offense statute: SORNA defines a "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911(1). A sex offense is any criminal offense—under federal, state, local, tribal, foreign, or military law—that either has "an element involving a sexual act or sexual contact with another" or "is a specified offense against a minor." 34 U.S.C. § 20911(5)–(6). Thus, the duty to register under SORNA does not arise only for a federal sex offense.

ORDER
CR11-0180-JCC
PAGE - 2

However, while Article III grants federal courts the power to hear cases "arising under" federal statutes, this grant is not self-executing. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). Federal courts can only exercise jurisdiction when they have both constitutional *and* statutory authorization. *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).[2] Defendant has failed to allege any statute that grants the Court jurisdiction to issue an order regarding his registration requirement under SORNA.

Defendant argues that district courts necessarily have authority to remove the federal sex offender registration requirement because the SORNA registration requirement is imposed by a federal law and is independent of state registration requirements. (Dkt. No. 21 at 3) (citing *United States v. Juvenile Male*, 670 F.3d 999, 1007 (9th Cir. 2012)). However, *United States v. Juvenile Male* neither addresses, nor cures, the jurisdictional deficiency in this case. In *Juvenile Male*, the Court held that requiring juvenile sex offenders to register under SORNA was constitutional. 670 F.3d at 1002. In doing so, the court rejected the Government's argument that the defendant's SORNA claim was moot because there was an independent requirement to register under state law. *Juvenile Male*, 670 F.3d at 1007. The court found that the "federal requirement that the defendants register as sex offenders is independent from any requirement

---

[2] Even if the Court were to search for a statutory grant of jurisdiction over this issue, it finds none. Under 18 U.S.C. § 3231, district courts have original jurisdiction over all offenses against the laws of the United States; however, Defendant is not charged with violating any federal law. *See* 18 U.S.C. § 3231. SORNA additionally provides a specific jurisdictional grant to district courts for violations of its registration requirements, but it does not provide district courts with jurisdiction to reduce the registration period. *See* 18 U.S.C. § 2250; 34 U.S.C. §§ 20911–32. Nor does the Court retain jurisdiction over Defendant's criminal case, as it terminated Defendant's supervised release on January 22, 2015. (Dkt. No. 20.) Termination of supervised release is unequivocal; thus, the Court retains no jurisdiction to adjudicate the issue of reduction of a registration period under SORNA as an element of Defendant's supervised release. *See Johnson v. United States*, 529 U.S. 694, 695 (2000).

under state law." *Juvenile Male*, 670 F.3d at 1007. Defendants rely on that finding to assert that district courts always have jurisdiction over claims related to SORNA's registration requirements. (Dkt. No. 21 at 3). But the court's findings in *Juvenile Male*'s were premised on its inherent jurisdiction, while the question before this Court is whether it has jurisdiction at all. In *Juvenile Male*, the defendants were on supervised release and subject to the district court's jurisdiction at the time of their challenge to the registration requirement. Here, in contrast to *Juvenile Male*, the Court terminated Defendant's supervised release in 2015. (Dkt. No. 20.) Therefore, *Juvenile Male* does not answer the question of whether the Court has jurisdiction to resolve Defendant's claim and it does not vest the Court with such jurisdiction.

## III.  CONCLUSION

For the foregoing reasons, Defendant's motion to terminate sex offender registration requirement (Dkt. No. 21) is DENIED.

DATED this 22nd day of February 2019.

[signature: John C. Coughenour]

John C. Coughenour
UNITED STATES DISTRICT JUDGE